UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CARLI KADROVACH,**

        Plaintiff,

v.                                               **Case No: 6:12-cv-472-Orl-36KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

        Defendant.

## ORDER

This cause comes before the Court on Plaintiff Carli Kadrovach's ("Plaintiff") Complaint for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for benefits. Doc. 1. Magistrate Judge Karla R. Spaulding has submitted a Report and Recommendation, recommending that the Court affirm the Commissioner's decision. Doc. 22.

After an independent *de novo* review of the record, including Plaintiff's Objections (Doc. 23) and the Commissioner's response (Doc. 25), the Court agrees with the findings of fact and conclusions of law in the Report and Recommendation.

**I.     BACKGROUND**

On July 10, 2008, Plaintiff filed her applications for disability insurance benefits and supplemental security income ("Applications") with the Social Security Administration ("SSA"). R. 14, 118–28. Plaintiff's Applications were denied initially and upon reconsideration. R. 14, 72–79.

On August 16, 2010, Plaintiff had a hearing before an Administrative Law Judge ("ALJ"), at which Plaintiff and a vocational expert ("VE") testified. R. 14, 39–63. On

September 14, 2010, the ALJ issued a written decision finding that Plaintiff suffered from the following severe impairments: "low back pain, status post 2 back surgeries with left leg numbness and obesity." R. 16, 23. The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 16–17. With respect to Plaintiff's residual functional capacity ("RFC"), the ALJ reviewed the record and found:

> [Plaintiff] has the residual functional capacity to perform less than a full range of light work as defined in 20 CFR 404.1567(b). The claimant could lift and/or carry 20 pounds occasionally, 10 pounds frequently; sit, stand, and/or walk for 6 hours in an 8-hour workday with normal breaks; unlimited push or pull with extremities; occasional climbing but never ladders, ropes or scaffolds; occasional balancing or crouching; no bending or stooping; and, avoid working hands-on with moving machinery or at unprotected heights.

R. 17–22. Based upon the VE's testimony, the ALJ found that Plaintiff could not perform her past relevant work as a sales clerk or amusement park worker. R. 22, 61. However, the ALJ also found, based upon the VE's testimony, that Plaintiff could work as a cashier, ticket seller, or outside deliverer, and that a significant number of those jobs existed in the national economy. R. 22–23, 61. Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. R. 23.

On January 27, 2012, the Social Security Appeals Council denied Plaintiff's request for review. R. 1–4. On March 26, 2012, Plaintiff filed a Complaint in this Court, seeking judicial review of the Commissioner's decision. Doc. 1.

Upon review of the expert testimony and administrative record, Magistrate Judge Spaulding recommended that the Court affirm the decision of the Commissioner and close this case. Doc. 22, p. 14. Thereafter, Plaintiff filed her Objections, arguing, as she did before the Magistrate Judge, that: (1) the ALJ's RFC finding was not supported by substantial evidence because the ALJ should have recontacted Plaintiff's treating physician, Dr. Michael Broom, for

an updated assessment; (2) the ALJ erred in finding Plaintiff's allegations of disabling limitations to be less than credible; and (3) the hypothetical question presented to the VE cannot constitute substantial evidence for the ALJ's decision because the ALJ failed to correctly evaluate Plaintiff's RFC and credibility. Doc. 23.

## II. LEGAL STANDARDS

### A. Review of a Report and Recommendation

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge. When a party makes a timely and specific objection to a finding of fact in a Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. v. State Bd. of Educ. of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify, in whole or in part, the Report and Recommendation of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id*.

### B. Review of the Commissioner's Decision

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and is based upon proper legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Id*. Where the Commissioner's decision is supported by substantial evidence, the Court must affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. 42 U.S.C.

§ 405(g); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) ("If the Commissioner's decision is supported by substantial evidence, we must affirm, even if the proof preponderates against it."). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its own] judgment for that of the [Commissioner]." *Phillips*, 357 F.3d at 1240 n.8 (quotations omitted).

### C. An ALJ's Five-Step Disability Analysis

The SSA has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Eleventh Circuit has explained this process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The Plaintiff has the burden of proof on the first four steps; the Commissioner carries the burden on the fifth step. *Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 136–37 (11th Cir. 2009). If it is determined at any step in the analysis that the claimant is disabled or not disabled, the evaluation does not proceed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

### III. DISCUSSION

#### A. The ALJ Did Not Err in Failing to Recontact Dr. Broom

Plaintiff argues, as she did before the Magistrate Judge, that the ALJ's RFC determination is not supported by substantial evidence because the ALJ should have recontacted

4

Dr. Broom for an updated assessment instead of relying on Dr. Broom's opinion from July 2007. *See* Doc. 23, pp. 3–4. The Commissioner responds that the ALJ did not have to recontact Dr. Broom because the evidence in the record was sufficient to determine that Plaintiff was not disabled. *See* Doc. 25, pp. 2–3.

"[A]n ALJ should recontact a claimant's treating physician if the evidence in the record is otherwise inadequate to determine whether the claimant is disabled." *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) (per curiam) (citing 20 C.F.R. §§ 404.1512(e), 416.912(e)).[1] Where the ALJ has sufficient evidence in the record to determine that a claimant is not disabled, the ALJ does not err in failing to recontact the treating physician. *Shaw v. Astrue*, 392 F. App'x 684, 688–89 (11th Cir. 2010) (per curiam).

In her written decision, the ALJ noted that Plaintiff's treating physician, Dr. Broom, had treated Plaintiff on a number of occasions between January 2007 and February 2010. R. 19–20. The ALJ cited to a physical examination completed by Dr. Broom on July 16, 2007, in which he opined that Plaintiff should avoid "lifting over 25 pounds on an occasional basis and 10 pounds frequently." R. 257. Dr. Broom also opined that Plaintiff should avoid "frequent bending and twisting and squatting and climbing activities." *Id*. The ALJ accorded Dr. Broom's opinion "little weight" because she found that his opinion was "not supported by his own records or the objective medical evidence and findings, and [was] not consistent with the medical evidence and the opinion of [State agency medical expert] Dr. Loc Kim Le." R. 21. Plaintiff, however, argues that the ALJ should have recontacted Dr. Broom for an updated opinion because her condition

---

[1] The SSA regulations cited in *Robinson*, which explained when the SSA would recontact medical sources, were those in effect at the time of the Eleventh Circuit's decision. *See* 20 C.F.R. § 404.1512(e) (2009); 20 C.F.R. § 416.912(e) (2009). Effective March 26, 2012, the SSA amended §§ 404.1512(e) and 416.912(e). *See* 77 Fed. Reg. 10,651 (Feb. 23, 2012). However, the ALJ in this case issued her decision while the versions of the regulations cited in *Robinson* were still in effect. *See* 20 C.F.R. § 404.1512(e) (2010); 20 C.F.R. § 416.912(e) (2010).

had worsened since Dr. Broom wrote his July 16, 2007 assessment. *See* Doc. 23, pp. 3–4. As evidence of her changed condition, Plaintiff points out that she had been prescribed new medications by Dr. Broom on several occasions after the July 16, 2007 assessment, and that she had been in two motor vehicle accidents during that time period. *See id.* at 4.

Upon review, the Court finds that the ALJ was not required to recontact Dr. Broom because there was sufficient evidence in the record for the ALJ to determine that Plaintiff was not disabled. First, the ALJ considered the medications that were prescribed by Dr. Broom in visits subsequent to Dr. Broom's July 16, 2007 assessment. R. 19–20. Second, with respect to the motor vehicle accidents that Plaintiff was involved in, the ALJ considered medical evidence that was prepared by Dr. Broom when he treated Plaintiff in response to these accidents. On April 27, 2009, Dr. Broom treated Plaintiff as a "follow up" to an accident that occurred the previous week. R. 290. The ALJ observed that Dr. Broom's treatment notes from this visit stated that Plaintiff had some ongoing back pain, but that medications kept her discomfort tolerable, that she had no gross motor or sensory deficits, and that she should continue with her activities. R. 20, 290. On February 22, 2010, Dr. Broom treated Plaintiff one day after she was involved in another accident. R. 288. The ALJ took note of Dr. Broom's treatment notes from this visit, which stated that Plaintiff had some increased pain secondary to the accident, that she had no gross motor or sensory deficits, that her medication kept her pain tolerable, and that she should continue with her activities. R. 20, 288. Thus, it is clear that the ALJ took into account Dr. Broom's opinion of Plaintiff's condition following her motor vehicle accidents, and there was no need to recontact Dr. Broom for further medical evidence on this point.

Moreover, the ALJ found that Dr. Le's physical RFC assessment, which was completed more recently than Dr. Broom's opinion, provided additional evidence to support the finding that

Plaintiff was not disabled. In his March 20, 2009 assessment, Dr. Le opined that Plaintiff could: lift 20 pounds occasionally and 10 pounds frequently; sit, stand, or walk for six hours in an eight-hour workday; and occasionally engage in climbing, balancing, stooping, and crouching. R. 21, 281–82. The ALJ accorded Dr. Le's opinion "great weight" because Dr. Le was specially trained to interpret medical evidence and provided specific reasons for his opinions that were grounded in the evidence. R. 21. Plaintiff has not objected to the ALJ's treatment of Dr. Le's opinion. Thus, Dr. Le's opinion provided additional evidence for the ALJ to make an RFC determination. As the ALJ had sufficient evidence in the record to make her findings, she was not required to recontact Dr. Broom for an updated opinion. *See Shaw*, 392 F. App'x at 688–89.

> **B.     The ALJ's Findings as to Plaintiff's Credibility Are Supported by Substantial Evidence**

In her decision, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment. R. 18. Plaintiff argues, as she did before the Magistrate Judge, that the ALJ failed to consider Plaintiff's testimony that she has both "good days" and "bad days" with her symptoms, and that on "bad days," which occur "two to three days out of a week," she is unable to get out of bed. *See* Doc. 23, p. 5; R. 50–51.

A claimant may seek to establish that she has a disability through her own testimony regarding pain or other subjective symptoms. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam). In so doing, the claimant must show: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Id*. Where an ALJ decides not to credit a claimant's testimony as to pain and limitations, the ALJ

7

must articulate explicit and adequate reasons for doing so. *Foote v. Chater*, 67 F.3d 1553, 1561–62 (11th Cir. 1995) (per curiam). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Id.* at 1562.

Here, the ALJ set forth sufficient reasons, supported by substantial evidence, for rejecting Plaintiff's testimony regarding the limiting effects of her symptoms. As noted by the Magistrate Judge, the ALJ explained that Plaintiff had reported her condition as "improved," that medication largely controlled her pain, that she did not have motor or sensory deficits, that she could walk and sit, and that she engaged in activities of daily living that were inconsistent with limitations severe enough to preclude a person from performing work consistent with the ALJ's RFC finding. *See* Doc. 22, p. 12; R. 18–21. The ALJ's findings were supported by substantial evidence in the record, and Plaintiff has not specifically objected to these findings. Moreover, in making credibility determinations, the ALJ need not cite to every piece of evidence in the record, as long as the ALJ's decision shows the Court that the ALJ considered the claimant's medical condition as a whole. *Dyer*, 395 F.3d at 1210. Since the Court is convinced that the ALJ properly considered Plaintiff's medical condition as a whole, the ALJ's failure to specifically cite to Plaintiff's testimony regarding "bad days" does not warrant reversal.

      C.      **The ALJ's Determination at Step Five Is Supported by Substantial Evidence**

Plaintiff argues, as she did before the Magistrate Judge, that the ALJ's determination at step five of the Social Security Administration's five-step disability analysis is not supported by substantial evidence because the ALJ erred in her RFC finding and credibility determinations, and thus did not ask a hypothetical question which completely encompassed Plaintiff's limitations. Doc. 23, p. 5–6. However, the Court has already found that Plaintiff has failed to present a valid objection as to the ALJ's RFC finding or credibility determinations. *See supra*, Parts III.A, III.B. Thus, Plaintiff has not shown that the ALJ's hypothetical question was

deficient. *See Crawford*, 363 F.3d at 1161 (holding that an ALJ is not required to include findings in the hypothetical question that the ALJ has properly rejected as unsupported).

## IV. CONCLUSION

After careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 22) is **adopted, confirmed and approved** in all respects and is made a part of this Order for all purposes, including appellate review.

2. The decision of the Commissioner of Social Security is **AFFIRMED**.

3. The clerk is directed to terminate all pending motions and deadlines, enter judgment accordingly, and **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on September 12, 2013.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
United States Magistrate Judge Karla R. Spaulding

9